FILED

March 7, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 9:59 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| FRAN PATTERSON,<br>Employee,<br>v.<br><br>WELLMONT HEALTH SYSTEM,<br>Employer. | Docket No.: 2015-02-0311<br><br>State File No.: 1274-2015<br><br>Judge Brian K. Addington |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Fran Patterson on December 15, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if the employer, Wellmont Health System, is obligated to provide medical and temporary disability benefits.

The dispositive issue is whether Ms. Patterson sustained an injury to her right arm and shoulder that arose primarily out of and in the course and scope of her employment with Wellmont.[1] The Court finds Ms. Patterson failed to establish by the evidence she submitted that she is likely to prevail at a hearing on the merits on the issue of causation and denies her request for benefits for the alleged right arm and shoulder injury.

### History of Claim

Ms. Patterson is a sixty-year-old resident of Washington County, Virginia, who works as a nurse for Wellmont. (T.R. 1 at 1.) At the hearing, Ms. Patterson testified she suffered an injury to her right shoulder on December 17, 2014, at home while moving large pieces of glass. She testified she suffered pain and burning in her right shoulder and arm following the incident. Ms. Patterson testified she had a small lump in her arm following the incident.

---

[1] Additional information regarding the technical record and exhibits is attached to this Order as an Appendix.

1

Ms. Patterson sought treatment at the James H. Quillen Veterans Affairs Hospital on December 19, 2015. (Ex. 1.) Dr. Mei-Fung Kerley diagnosed a possible biceps long tendon rupture and recommended a surgical consultation. *Id.* at 6.

Ms. Patterson testified she was able to work in her injured condition. While working on December 23, 2014, she and co-workers restrained a patient. While doing so, she felt the same burning in her arm and the lump in her arm appeared larger. She completed her shift.

For incidents at work, injured employees are to see an in-house medical provider. If the in-house medical provider is unavailable, then employees are to go to the emergency room.

Following her shift on December 24, 2014, Ms. Patterson sought treatment at Wellmont's emergency room. She reported a burning sensation in her right biceps muscle while restraining a patient. (Ex. 2 at 1.) Dr. William Devens' assessment was a partial biceps tear. *Id.* at 3. Ms. Patterson did not discuss with Dr. Devens the injury she suffered to her arm at home on December 17, 2014.

When Ms. Patterson filled out the incident for Wellmont, she included the history of the lifting event and injury at home. She then went on vacation over the holidays. When she returned to work, Wellmont provided her a panel of physicians. (Ex. 10.) This panel contained fifteen physicians. Ms. Patterson chose Dr. Fred Knickerbocker and signed a medical waiver and consent form listing Dr. Knickerbocker on January 5, 2015. (Exs. 10 and 11.)

Ms. Patterson tried to schedule an appointment with Dr. Patrick Riggins to treat her alleged work injury. When she did so, his office claimed not to know anything about the matter. Ms. Patterson had done so under the mistaken belief that he was the authorized treating physician rather than Dr. Knickerbocker.

Mr. Bobby Collins, the workers' compensation administrator for Wellmont, testified he reviewed and denied Ms. Patterson's workers' compensation claim because in his opinion, the medical records from the Department of Veterans Affairs and Wellmont emergency room did not differ as to her injury at home and the alleged injury at work. Wellmont informed Ms. Patterson of the denial on January 8, 2015. Mr. Collins and Ms. Patterson initiated e-mail correspondence regarding the denial on January 9, 2015. (Ex. 6.)

Ms. Patterson sought unauthorized medical treatment with Veterans Affairs on February 26, 2015. Dr. Henry Williams diagnosed tears of the upraspinatus and biceps long head tendon, and recommended an MRI and further surgical consult. (Ex. 1 at 14.)

Ms. Patterson underwent the MRI and came under the care of Dr. Bert Tagert through Veterans Affairs. Dr. Tagert wrote an email at the behest of Ms. Patterson on November 5, 2015.[2] In the email, Dr. Tagert stated Ms. Patterson injured her shoulder lifting a patient at work. (Ex. 7 at 1.) He confirmed Ms. Patterson suffered a rupture of the long head of her biceps tendon, and a tear of two rotator cuff tendons. *Id.* Dr. Tagert stated:

> Based on the history that she has given, it is my opinion that she sustained some injury with the first event, but *likely* completed a partial tear of the biceps, and probably the rotator cuff with the second event, which arose out of her employment. Without the second event, I think that it is unlikely that she would have sought treatment. There seemed to be a clear change in her condition, again based on the history.
>
> Since the MRI was obtained later, *it is impossible to separate the tissue damage sustained by each injury.* However, the history would suggest *that at least 50% of the injury occurred with the second event.*

*Id.* (Emphasis added.)

Ms. Patterson testified she continued to work through January 5, 2016. Dr. Tagert performed surgery on January 6, 2016, and Ms. Patterson has been off work since. She intended to return to work on February 29, 2016.

Ms. Patterson's average weekly wage is $1,529.30. Her compensation rate is the statutory maximum of $932.80.

Ms. Patterson filed a Petition for Benefit Determination (PBD) seeking medical benefits on September 8, 2015. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice on November 5, 2015. Ms. Patterson filed an REH on December 15, 2015, and the Court heard the matter on February 26, 2016.

At the Expedited Hearing, Ms. Patterson asserted she sustained a job-related injury to her right arm, and that her uncontradicted testimony, in combination with Dr. Tagert's opinion, is sufficient to establish she is likely to prevail at a hearing on the merits regarding causation. Therefore, she is entitled to medical benefits for treatment of her

---

2 Wellmont filed a Motion in Limine on February 25, 2016, to exclude this document asserting that Ms. Patterson did not provide the document prior to ten days before the Expedited Hearing, and that it was not a medical record. Wellmont's objection is overruled. Tennessee Compilation Rules and Regulations 0800-02-21-.16(6)(a) (2015) require a medical record to be filed with the Court ten days prior to a hearing. Tennessee Compilation Rules and Regulations 0800-02-21-.16(6)(b) (2015) requires a medical record to be signed. Tennessee Compilation Rules and Regulations 0800-02-21-.02(12) (2015) allows any document transmitted by electronic means to be signed or verified electronically. Ms. Patterson filed this document prior to the issuance of the Dispute Certification Notice on November 5, 2015, well before the ten-day deadlines before the hearing. Dr. Tagert's email complies with the Rule. The email came from Dr. Tagert's email account at Veterans Affairs and contains his typed signature at the end.

right arm injury and temporary benefits for the time she missed work. She also requests payment of the December 24, 2014 emergency room bills.

Wellmont countered that the Court should exclude Dr. Tagert's opinion, and that Ms. Patterson's testimony alone, that she injured her right arm and shoulder at work, is insufficient pursuant to Tennessee Code Annotated section 50-6-102(14) (2015). As such, Wellmont argued the Court should deny Ms. Patterson's claim.

At both the conclusion of Ms. Patterson's proof and at the conclusion of all proof, Wellmont made a Motion to Dismiss with a general reference to Rule 41 of the Tennessee Rules of Civil Procedure asserting that Ms. Patterson failed to present sufficient proof of causation. Wellmont failed to assert which section and paragraph to which it was referring. The Court denied Wellmont's Motions.

## Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Ms. Patterson need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1)(2015).

In analyzing whether she has met her burden, the Court will not remedially or liberally construe the law in her favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Ms. Patterson nor Wellmont. *See* Tenn. Code Ann. § 50-6-116 (2015). Based upon the evidence at this time, the Court finds Ms. Patterson has not shown she is likely to prevail at a hearing on the merits regarding causation and, accordingly, denies her request for benefits.

To be compensable, Ms. Patterson must show that her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(13) (2014). To do so, she must show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence Tenn. Code Ann. § 50-6-102(13)(A) (2014). Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(13)(C) (2014). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(13)(D) (2014). Concerning the alleged aggravation of her pre-existing condition, Ms. Patterson must

4

prove the aggravation arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14)(A) (2015).

Ms. Patterson's initial medical records with the VA and Wellmont are practically identical. It was not until Ms. Patterson underwent the MRI that the full extent of her injury became clear. Dr. Tagert felt it was likely she tore her biceps during the first injury and further injured both it and her rotator cuff during the event at work. However, his opinion failed to satisfy the definition of reasonable degree of medical certainty in that he found Ms. Patterson only *likely* completed the tear of her biceps and *probably* suffered rotator cuff tear during the event at work. He then stated it was impossible to tell what tissue Ms. Patterson damaged during the first and second events, and could only attribute fifty percent of the damage to her arm and rotator cuff from the work-related incident.

Therefore, the Court finds the evidence presented by Ms. Patterson is insufficient to establish she is likely to prevail at a hearing on the merits on the issue of causation. *McCord, supra,* at *7. As such, the Court denies her request for medical and temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Patterson's request for medical and temporary disability benefits for injury to her right arm and shoulder is denied.

2. This matter is set for Initial Hearing on April 6, 2016, at 10:30 a.m. E.T.

**ENTERED THIS THE 8th DAY OF MARCH, 2016.**

**Brian K. Addington, Judge**
**Court of Workers' Compensation Claims**

**Initial Hearing:**

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.

Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1.   Medical Records:  Veterans Affairs;
2.   Medical Records: Wellmont;
3.   Wage Statement;
4.   First Report of Injury;
5.   Email from Bobby Collins to Ms. Patterson;
6.   Email chain between Mr. Collins and Ms. Patterson;
7.   Email from Dr. Bert Tagert to the Bureau;
8.   Medical Records:  Wellmont (For Identification only);[3]
9.   Medical Records:  Excuse from Dr. Tagert (For Identification only);[4]
10.  Panel of Physicians;
11.  C-31, Medical Waiver and Consent Form;
12.  Drug Test results; and,
13   Medical Bills (For Identification only).[5]

Technical Record:

1.   Petition for Benefit Determination;
2.   Dispute Certification Notice;
3.   Employee's Request for Expedited Hearing;
4.   Affidavit of Fran Patterson;
5.   Employer's Response to the PBD;
6.   Employer's Pre-Hearing Statement;
7.   Employee's Pre-Hearing Statement; and
8.   Employer's Motion in Limine.

---

[3] These medical records were excluded, as they were not provided ten days prior to the hearing.
[4] This record was excluded, as it was not provided ten days prior to the hearing.
[5] These medical bills were excluded, as they were not provided ten days prior to the hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical Benefits was sent to the following recipients by the following methods of service on this the 7th day of March, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Fran Patterson | X | | | 18581 Benhams Road Bristol, VA 24202 |
| Mike Forrester, Esq. | | | X | forrest@hsdlaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9